IN RE S.A.C.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-141-CV

IN THE INTEREST OF S.A.C., A CHILD 

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Christina M. appeals the trial court’s order terminating her parental rights in her child, S.A.C.  In five points, Christina asserts that the trial court lacked jurisdiction to render the termination order, that the trial court abused its discretion by determining that Christina’s appeal is frivolous because her challenge to the factual sufficiency of the evidence presents an arguable basis for the appeal, and that her trial counsel was ineffective.
(footnote: 2)  We affirm.

In her first point, appellant contends that the trial court was without jurisdiction to render the termination order because the order was not filed by the mandatory dismissal date set forth in family code section 263.401.
(footnote: 3)  Section 263.401 provides that, by the first Monday following the first anniversary of the date the trial court appointed the Department
(footnote: 4) as temporary managing conservator of a child in a termination proceeding, the court must either render a final order in the suit or grant up to a 180-day extension of the case.
(footnote: 5)  If the trial court does not do either of these things by the first Monday, the court must dismiss the suit.
(footnote: 6)
 In this case, the termination suit was filed on October 3, 2003.  On July 23 and September 30, 2004, the trial court entered orders (1) finding that S.A.C. continued to need substitute care with the Department because neither Christina nor the child’s father had demonstrated adequate or appropriate compliance with their service plans, (2) finding that appointment of the Department as S.A.C.’s temporary managing conservator continued to be in the child’s best interest, and (3) extending the dismissal deadline until April 2, 2005.
(footnote: 7)  April 2, 2005 was not more than 180 days following the first Monday after October 3, 2004.  The trial court rendered its order of termination on March 24, 2005.  Therefore, the trial court’s orders, including its termination order, complied with section 263.401, and the trial court did not lose jurisdiction over the case.  We overrule Christina’s first point.

In her second point, Christina contends that her appeal is not frivolous because the evidence is factually insufficient to support the trial court’s termination order.  In her fifth point, she contends that the trial court abused its discretion by determining that an appeal based on her factual sufficiency complaint is frivolous because there is no evidence to support this determination.

An appeal is frivolous if it does not present a substantial question for appellate review.
(footnote: 8)  We review a trial court’s determination that an appeal is frivolous for an abuse of discretion.
(footnote: 9)  Termination is proper if the record establishes by clear and convincing evidence one or more of the grounds for termination enumerated in family code 161.001(1) and that termination is in the child’s best interest.
(footnote: 10)  Clear and convincing evidence is defined as “
the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.”
(footnote: 11)
 In its termination order, the trial court found that there is clear and convincing evidence to support termination on the following grounds:

•That Christina knowingly placed or allowed S.A.C. to remain in conditions or surroundings that endangered her physical or emotional well-being;

•That Christina engaged in conduct or knowingly placed S.A.C. with persons who engaged in conduct that endangered her physical or emotional well-being;

•That Christina failed to support S.A.C. in accordance with her ability during a period of one year ending within six months of the date of filing the petition for termination; and

•That Christina failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain S.A.C.’s return from the Department’s conservatorship.
(footnote: 12) 

In her motion for new trial, Christina raised a general challenge to the factual sufficiency of the evidence to support these findings.
(footnote: 13)  In her appellate brief, she contends that factual sufficiency is an “arguable basis for appealing this case” because, at the hearing on her motion for new trial, the trial court stated, “You have done a wonderful job and beat the drugs,” and the State agreed. 

This argument quotes the trial court’s statement out of context.
(footnote: 14)  Further, the record contains clear and convincing evidence that Christina failed to comply with her court-ordered service plan by not attending counseling regularly, not maintaining regular employment so that she could provide for S.A.C.’s needs, failing to pay child support,
(footnote: 15) and failing to attend numerous Narcotics Anonymous meetings. 

This evidence is sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegation that Christina failed to comply with the provisions of a court order that established the actions necessary for her to obtain S.A.C.’s return from the Department’s conservatorship.
(footnote: 16)  Accordingly, the evidence is factually sufficient to establish this ground for termination by clear and convincing evidence and to support the trial court’s termination order.
(footnote: 17)  Therefore, the trial court did not abuse its discretion by concluding that Christina’s factual sufficiency ground is frivolous because it does not present a substantial question for appellate review.
(footnote: 18)  We overrule Christina’s second and fifth points.

In her third point, Christina contends that her trial counsel was ineffective for failing to obtain a ruling on her special exceptions to the petition for termination and by failing to “exercise diligence” regarding Christina’s request for a court-appointed psychologist. 

To establish ineffective assistance of counsel in a parental rights termination case, the appellant must show by a preponderance of the evidence that her counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the proceeding would have been different.
(footnote: 19)  As an appellate court, we must indulge in the “strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.”
(footnote: 20)
 Apart from her assertion that “[n]o legitimate trial strategy” would cause the alleged failures of which she complains, Christina makes no attempt to explain how trial counsel was ineffective or how the result of the termination proceeding would have been different but for trial counsel’s alleged inaction.  Accordingly, we must presume that counsel’s representation of Christina fell within the wide range of reasonable professional assistance.  We overrule her third point.

Having disposed of all of Christina’s points, we affirm the trial court’s termination order.

PER CURIAM

PANEL F: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DELIVERED: August 3, 2006

FOOTNOTES
1:
See 
Tex. R. App. P
. 47.4.

2:
In her fourth point, Christina complains that section 13.003(b) of the civil practice and remedies code is unconstitutional as applied to her because it prevents her from obtaining a complete record on appeal.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 13.003(a)–(b) (Vernon 2002) (providing that an indigent appellant is entitled to a free reporter’s record on appeal only if the trial court finds that the appeal is not frivolous).  This complaint is moot because, pursuant to our order of April 20, 2006, the court reporter has prepared and filed a reporter’s record containing all of the evidence admitted at the trial on termination.

3:
Tex. Fam. Code Ann.
 § 263.401(a)-(b) (Vernon Supp. 2005).

4:
The Texas Department of Family and Protective Services.

5:
Id.

6:
Id.

7:
See id.
 § 263.401(b) (listing required trial court findings).

8:
In re M.R.J.M.,
 193 S.W.3d 670, 672 (Tex. App.—Fort Worth 2006, order).

9:
Id.
 at 
673.

10:
Tex. Fam. Code Ann.
 § 161.001 (Vernon Supp. 2005); 
In re J.L.,
 163 S.W.3d 79, 84 (Tex. 2005).

11:
Tex. Fam. Code Ann.
 § 101.007 (Vernon 2002).

12:
See id.
 § 161.001(D)–(F), (O).  The trial court also found that termination was in S.A.C.’s best interest, but Christina does not challenge that finding on appeal.

13:
See
 
id.
 § 263.405(b) (providing that party’s statement of points on appeal may be contained in motion for new trial).  Section 263.405(i), which provides that a general factual sufficiency complaint is not sufficiently specific to preserve a complaint for appellate review in a termination case, does not apply to this case because it was not enacted until after this appeal was filed.  
Id.
 § 263.405(i).

14:
The context of the trial court’s statement is as follows:

Ma’am, you’d feel better about yourself if you got a job.  You need to work.  You just can’t lay around the house all day.  You have done a wonderful job and beat the drugs, but you just can’t lay around all day.  You have got to amount to something.  You’ll feel better about yourself if you’d go out and get a job. 

The State acknowledged that Christina had “kicked her drug problem,” but argued that she “still has other issues in her life, which is not working, she’s still sleeping till noon, she is not doing what it takes.” 

15:
Christina denied not paying any child support and testified that she made “maybe four payments.”  But child support records from the Texas Attorney General’s Office show that Christina did not make any payments. 

16:
Tex. Fam. Code Ann.
 §§ 101.007, 161.001(1)(O).

17:
J.L.,
 163 S.W.3d at 84.

18:
M.R.J.M.,
193 S.W.3d at 672-73.

19:
In re M.S.,
 115 S.W.3d 534, 549-50 (Tex. 2003)
 (citing 
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984))
.

20:
Id.
 at 549 (quoting 
Strickland,
 466 U.S. at 689, 104 S. Ct. at 2065).